OF

# THE STATE OF NEW JERSEY

## 1918.

EDWIN ROBERT WALKER, ORDINARY.

FREDERIC W. STEVENS, EUGENE STEVENSON, EDMUND B. LEAM-
ING, VIVIAN M. LEWIS, JOHN H. BACKES, JOHN
GRIFFIN, JOHN E. FOSTER AND MERRITT
LANE, VICE-ORDINARIES.

In the matter of the appeal of the UNITED STATES FIDELITY
AND GUARANTY COMPANY, from an order of the orphans
court of the county of Essex, opening a decree of said court
made on October 22d, 1915, in the matter of the estate of
Mabel Vanderbilt, a minor.

[Decided August 21st, 1918.]

Where the orphans court, settling a guardian's account, granted the
substituted guardian and ward leave to take proceedings against the
original guardian's estate, or his surety, the court, after the time for
appeal had passed, was authorized, on petition of the ward, to open the
decree for exceptions, the account being merely an intermediate account.

32                          (497)

On petition of appeal. Heard on a transcript of the pleadings and proofs in the court below.

*Messrs. McDermott & Enright,* for the appellant.

*Messrs. Collins & Corbin,* for the respondent Mabel Vanderbilt.

*Mr. Daniel L. Campbell,* for the respondent Fidelity Trust Company.

*Mr. Edward A. Markley,* for the respondent William S. Woodhull.

LEWIS, VICE-ORDINARY.

Nellie Black Vanderbilt, the mother of the respondent Mabel Vanderbilt, died February 11th, 1907, leaving a will by which, after making certain specific gifts, she gave to her daughter Mabel one-half of the balance of money, bonds and investments of which she might die seized, and appointed as executors of her will her husband, Dewitt Clinton Vanderbilt, and Emma Littell Black. Mabel Vanderbilt was born August 29th, 1894, and, consequently, was a minor at the time of the death of her mother. Her father, DeWitt Clinton Vanderbilt, was, accordingly, appointed by the surrogate of Essex county, July 14th, 1908, guardian of her estate, and the United States Fidelity and Guaranty Company became surety upon his bond as such guardian. On August 13th, 1908, DeWitt Clinton Vanderbilt, as guardian, received from himself as executor under the will of Nellie Black Vanderbilt certain money and securities representing the one-half share bequeathed to Mabel Vanderbilt by her mother. Included in these securities were thirty-two shares of the capital stock of the Pennsylvania railroad and thirty shares of the capital stock of the American Express Company.

DeWitt Clinton Vanderbilt died on the 31st of December, 1914, nearly a year before his daughter and ward, Mabel Vanderbilt, became of age, and thereafter one William S. Woodhull was appointed administrator of his estate and filed in the Essex

county orphans court what purported to be the final account of DeWitt Clinton Vanderbilt as guardian of the estate of Mabel Vanderbilt. This account was noticed for settlement August 25th, 1915, the notice being dated July 14th, 1915. In the meantime, on January 26th, 1915, the Fidelity Trust Company had been appointed by the surrogate of Essex county substituted guardian of the estate of Mabel Vanderbilt. It will be noted that Mabel Vanderbilt did not become of age until August 29th, 1915, so that she was a minor when the notice of settlement was first given, and continued to be a minor on August 25th, 1915, the date for which the settlement was noticed. The settlement of the account was adjourned by the orphans court until October 22d, 1915, and upon that date the account was settled and a decree made charging the estate of DeWitt Clinton Vanderbilt with the sum of $632.84 as the portion of the estate of Mabel Vanderbilt, for which the accountant was unable to account, as shown by the account itself. The parties represented by appearances upon the making of this decree were the accountant, the Fidelity Trust Company, substituted guardian of Mabel Vanderbilt, and the United States Fidelity and Guaranty Company, bondsman of DeWitt Clinton Vanderbilt, as guardian. Mabel Vanderbilt herself had no notice of the proceedings for settlement. The balance of $632.84, with which the estate of DeWitt Clinton Vanderbilt was charged by this decree of settlement, was obtained by including amongst the items for which the accountant prayed allowance the thirty-two shares of the capital stock of the Pennsylvania Railroad Company at the sum of $2,104, and the thirty shares of the American Express Company at the sum of $7,050, these stocks being in the hands of the accountant. The sums thus allowed on account of these stocks were greatly in excess of their actual market value at the time of the death of DeWitt Clinton Vanderbilt and at the time of the settlement of the account. The decree of settlement, after directing that these shares, together with the other securities and moneys of the estate, be turned over to the Fidelity Trust Company, as substituted guardian for Mabel Vanderbilt, further ordered "that the Fidelity Trust Company, substituted guardian of said Mabel Vanderbilt, and the said Mabel Vanderbilt have

leave to take such proceedings against the estate of DeWitt C. Vanderbilt or against the United States Fidelity and Guaranty Company, bondsman of the said DeWitt C. Vanderbilt as aforesaid, as it or she may be advised."

In May, 1916, Mabel Vanderbilt, who had then attained her majority, filed a duly-verified petition in the Essex county orphans court, setting forth the foregoing facts and charging that DeWitt Clinton Vanderbilt, as guardian of her estate, failed in his duty and committed a breach of his trust in failing to dispose of the Pennsylvania railroad stock and the American Express Company stock at a time when he might have obtained a favorable price for the same, and that as a result of such neglect of duty and breach of trust, the petitioner's estate had suffered a depreciation of about $4,000, for which William S. Woodhull, as administrator of the estate of DeWitt Clinton Vanderbilt, should have been charged upon the settling of his account. The petition then prayed that the decree of the orphans court made October 22d, 1915, settling the account in question, might be opened, vacated and set aside, and that the petitioner might have leave to file exceptions to the account in the particulars named. To this petition the United States Fidelity and Guaranty Company, surety on the guardianship bond of DeWitt Clinton Vanderbilt, filed an answer admitting the facts set forth in the petition, but denying the charge thereof. After hearing and argument, the Essex county orphans court ordered that the decree of October 22d be opened for the purpose of permitting Mabel Vanderbilt to file exceptions to the account of DeWitt Clinton Vanderbilt, guardian, as filed by William S. Woodhull, administrator of the estate of DeWitt Clinton Vanderbilt, deceased, in a form annexed to and made part of the order. The exceptions thus permitted to be filed attacked the account, first, because the accountant asked allowance for the thirty-two shares of Pennsylvania Railroad Company stock at $2,104, whereas the same were worth, at the time of the death of accountant's intestate, only $1,776, and secondly, because the accountant asked allowance for thirty shares of the stock of the American Express Company at the sum of $7,050, whereas the same were worth, at the time of the death of accountant's intestate, only

$3,720 (at *p. 23*). The depreciation thus claimed by the exceptions amounted to $3,658, in an estate of approximately $15,-000—in other words, about a quarter of the value of the entire estate. From the order of the Essex county orphans court, opening its own decree and permitting these exceptions to be filed, the United States Fidelity and Guaranty Company has appealed to the prerogative court.

The only question presented by this appeal concerns the power of the orphans court to open its own decree settling the account of the guardian, the time for an appeal from the decree in question having passed.

At the time the account was noticed for settlement, and on the day for which the settlement was appointed, Mabel Vanderbilt was still a minor and had no notice of the proceedings, nor did she appear to the same subsequently on the day when the decree was actually made, October 22d, 1915, by which time she had attained her majority. In the very nature of the case, therefore, the account and the decree thereon could have been only intermediate in character, although the accountant referred to and entitled his account "final." But the orphans court, so far from regarding the account or decree as final, incorporated in the decree an express reservation granting to the Fidelity Trust Company, substituted guardian of Mabel Vanderbilt, and to Mabel Vanderbilt herself, leave to take such proceedings against the estate of DeWitt Clinton Vanderbilt, or against the United States Fidelity and Guaranty Company as they might be advised. In opening the decree, the orphans court was careful to recite, as a ground for so doing, the express reservation referred to and also the fact that the account in question was in reality an intermediate account. The nature of the decree and its express reservations are, therefore, such as amply to justify the orphans court in permitting a further inquiry into the items of the account. Indeed, the orphans court in making the reservation in the decree must have contemplated such further inquiry, and left it open to the respondent to take such action for the instituting of such an inquiry as she might be advised. It now clearly appears that the proper practice in such a case is that adopted by

the respondent. The propriety and correctness of· the order complained of may, therefore, rest upon the language of the original decree itself, reserving to the respondent the very light that the appellant now seeks to deny. In opening its own decree to permit exceptions to be filed, the orphans court was, in reality, but taking steps for disposing of a matter which, on the very face of the original decree, was left unsettled.

The order of the orphans court opening the decree of October 22d, 1915, and permitting the respondent Mabel Vanderbilt to file certain specific exceptions, should be affirmed, with costs to the respondent.